JOHN D. VANN, JR., AND EDMOND HAGAN, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed Feb. 11, 1913.

The legislature, not the courts, determines whether notice of local legislation has been published.

Writ of error to the Circuit Court for Volusia County.

Judgment affirmed.

*Murry Sams* and *Stewart & Bly,* for Plaintiffs in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* for the State.

COCKRELL, J.—After conviction in the Criminal Court of Record for Volusia County of catching fish by seining in violation of Chapter 6312, Laws of 1911, Vann and Hagan sought a release through a writ of Habeas Corpus, and the case is before us upon writ of error allowed to the judgment refusing their discharge.

A lengthy argument is presented to us, upon the assumption that notice as required by the Constitution was not published, a condition precedent to the passage of local or special laws. The argument based on decisions from other States, overlooks, the decision of this court in Stockton v. Powell, 29 Fla. 1, 10 South. Rep. 688, uniformly adhered to by us, that the determination *vel non* of the fact of publication was exclusively a legislative, not a judicial, function. Rushton v. State, 58 Fla. 94. In this holding we are in accord with practically all the courts in the land. The legislative journals are silent as to the notice or its contents, and the cases cited from other courts are therefore inapplicable.

The other attacks upon the information are directed against Chapter 6222, Laws of 1911. These contentions are all answered by our opinion in the case of Stinson v. State, 63 Fla. 42, 58 South. Rep. 722.

Judgment affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.