VOL. 70, JUNE TERM, 1915.          561

McKinnon, Supt., v. State ex rel. Davis et al.—Syllabus.

J. F. McKINNON, AS SUPERINTENDANT OF ORANGE COUNTY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *ex rel.* E. W. DAVIS *et al., Defendants in Error.*

Opinion filed Dec. 16, 1915.

1. The school funds under our constitution are to be regarded as a sacred trust; and the provisions of law safeguarding expenditures from such funds should be strictly construed, and the mandate of the constitution enforced.

2. The employment of attorneys by individual school teachers to conduct litigation in their name to require the county superintendent to countersign warrants issued by the county board of public instruction for such teachers' salaries is not such a county purpose as will warrant payment therefor from county school funds that by the express command of the constitution "shall be disbursed * * * solely for the maintenance and support of public free schools."

SHACKLEFORD and COCKRELL, JJ., dissent.

Judgment reversed.

*T. F. West,* Attorney General, for Plaintiff in Error;

*Davis & Giles,* for Defendants in Error.

PER CURIAM.—It appears that pursuant to contracts made by the county board of public instruction of Orange county with certain persons for their services as teachers in the public schools of said county, the board

562     SUPREME COURT OF FLORIDA,

McKinnon, Supt.. v. State ex rel. Davis et al.—Opinion of Court.

ordered warrants drawn for the agreed salaries of the teachers; that the county superintendent of public instruction for Orange county who is by law secretary of the board of public instruction for such county, refused to countersign said warrant drawn in favor of such teacher; that the board employed the relators, who are practicing attorneys at law to prosecute legal proceedings to require the county superintendent to countersign the warrants drawn in favor of said teachers for their salaries, and that such attorneys by legal proceedings procured a mandate requiring the superintendent of public instruction to countersign said warrants for teachers' salaries; that for such legal services rendered by the relators, the board of public instruction for Orange county agreed to pay relators $250.00 and ordered a warrant drawn for said amount; that the warrant was drawn and signed by the chairman of the county board of public instruction, but the respondent county superintendent of public instruction refused to countersign said warrant as was his legal duty, whereupon the relators brought mandamus proceedings to require the county superintendent of public instruction to countersign the warrant drawn as compensation for such legal serviecs rendered by the relators at the instance of the board.

The respondent defended on the ground, among others, that the payment thus sought to be made from the county school fund is illegal. The court ordered a peremptory writ and the respondent took writ of error.

The county superintendent of public instruction may by mandamus be required to countersign a warrant duly ordered and drawn by the county board of public instruction, in a proper amount, and for a proper purpose, where there is no fraud, illegality or abuse of authority in the

VOL. 70, JUNE TERM, 1915. 563

McKinnon, Supt., v. State ex rel. Davis et al.—Opinion of Court.

action of the board. State *ex rel*. Baas v. McKinnon, 68 Fla. 548, 67 South. Rep. 77. But the county superintendent will not by mandamus be required to countersign a warrant that is drawn for a purpose not authorized by law. See State *ex rel*. Walker v. Stewart, 49 Fla. 259, 38 South. Rep. 600; State *ex rel*. Baas v. McKinnon, *supra*.

The constitution provides that "the county school fund * * * shall be disbursed by the county board of public instruction solely for the maintenance and support of public free schools." Sec. 9 Art. XII. And the school sub-district taxes are "for the exclusive use of public free schools within the district." Sec. 10 Art XII.

The school funds under our constitution are to be regarded as a sacred trust; and the provisions of law safeguarding expenditures from such funds should be strictly construed, and the mandate of the constitution enforced. See Pennock v. State *ex rel*. Hood, 61 Fla. 383, 54 South. Rep. 1004.

The employment of attorneys to conduct litigation to require the county superintendent to countersign warrants issued by the county board of public instruction for teachers' salaries, is not such a county school purpose as will warrant payment therefor from county school funds that by the express command of the constitution "shall be disbursed * * * solely for the maintenance and support of public free schools." If a county superintendent unlawfully refuses to countersign a warrant he may be required to do so by the party entitled to the warrant or by the proper officer of the State, or he may be suspended from office by the Governor for misfeasance or neglect of duty in office.

The education of the children of the State for whose

benefit the county school fund is provided, has not such relation to the refusal of a county superintendent to countersign warrants drawn for the teachers' salaries as to make the payment of attorney fees to secure such countersigning a part of the "maintenance and support of public free schools."

The judgment awarding a peremptory writ of mandamus is reversed.

TAYLOR, C. J., and WHITFIELD and ELLIS, JJ., concur.

SHACKLEFORD and COCKRELL, JJ., dissent.