H. C. LEONARD, B. F. PITTS, AND JOHN FREEMAN, *Appellants*, v. C. L. FRANKLIN AS CHAIRMAN AND M. J. RICHARDS AND R. E. BRIGHT, AS MEMBERS OF AND CONSTITUTING THE BOARD OF PUBLIC INSTRUCTION OF CALHOUN COUNTY, FLORIDA, *Appellees*.

Opinion filed August 19, 1922.

Petition for rehearing denied October 31, 1922.

Under the provisions of Sections 10, 11 and 17 of Article XII of the State Constitution, Chapter 8639, Acts of 1921, providing for the issuance by the county board of public instruction of long term interest bearing coupon warrants for the purpose of providing funds to acquire, build and equip modern public high school buildings in stated Special Tax School Districts in the county, the principal and interest of said warrants to be paid from the general school tax levy in the county to be made annually is invalid and inoperative.

An Appeal from the Circuit Court for Calhoun County,
C. L. Wilson, Judge.

Reversed.

*Paul Carter,* for Appellants;

*Carter, Campbell & Carter,* for Appellees.

WHITFIELD, J.—A bill in equity brought by taxpayers
to enjoin the issuance of thirty year interest bearing time
warrants by the County Board of Public Instruction of
Calhoun County, to proceeds to be used to aid in building
and equipping modern public high school buildings in cer-
tain special tax school districts in the county, was dis-
missed on demurrer, and complainants appealed. The Act
designed to authorize such warrants to be issued is set out
in the opinion prepared by Mr. Justice West.

Sections of Article XII of the Constitution as amended
to date define the sources and uses of "the county school
fund," and the limitations, express and implied, upon the
power of the legislature in the premises, do not contemplate
legislative authority to "the county board of public in-
struction" to issue long term interest bearing warrants to
be ultimately paid from the annual county tax levy that is
expressly authorized and limited by the Constitution "for
the support of public free schools" in the county, the
money derived from the sale of such warrants to be used
to aid school districts in constructing school houses in
special tax school districts of the county.

The annual tax levy specified by section 8 as amended
is "for the support of public free schools therein" and the
Constitution expressly commands that the county school

fund consisting of the one mill State tax levy under section 6, the county tax levy under section 8 as amended, and the "capitation taxes collected within the county," "shall be disbursed by the county board of public instruction solely for the maintenance and support of public free schools."

Section 10 authorizes the legislature to provide for the division of counties into convenient school districts and for the levy of a district school tax for the exclusive use of public free schools within the district, upon a majority vote of the tax paying electors of the district; and section 11 specifies the particular school purposes for which the school district tax fund shall be used in the district.

Added section 17 authorizes the legislature to provide that special tax school districts may "issue bonds for the exclusive use of public free schools within any such special tax school district whenever a majority of the qualified electors thereof who are freeholders, shall vote in favor of the issuance of such bonds," and provides for a tax levy in the district for the payment of the interest and redemption of such bonds.

The organic provisions expressly command that the annual county school tax levy "shall be disbursed * * * solely for the maintenance and support of public free schools" within the county, and clearly do not contemplate that a large portion of such annual tax shall be pledged or used to liquidate long term interest bearing warrants to be sold and the proceeds used to aid in the building and equipment of high school buildings in particular special tax school districts in the county, when section 10 authorizes a special district tax to be used under section 11 "for building or repairing school houses," &c., in the district, and when added section 17 expressly provides that upon a vote

of the freeholder electors therein special school tax districts may "issue bonds for the exclusive use of public free schools within" such districts. While the county school fund should be properly disbursed for school purposes throughout the county, the Constitution does not contemplate the pledge or use of such funds in the manner provided in the Act here considered.

The provision of the Constitution in definitely fixing the sources of the county school fund and in expressly providing that it shall be used "solely for the maintenance and support of public free schools," clearly do not contemplate that such fund shall be used for a bonded indebtedness of the county to aid school districts' of the county to erect high school buildings in such districts. Added Section 17 provides for bonds for school purposes to be issued by special tax school districts; and the various limitations contained in Article 12 clearly imply that the county school fund is not to be issued to pay the principal and interest on a long time indebtedness incurred for school district purposes. See State ex rel. Bours v. L'Engle, 40 Fla. 392, 24 South. Rep. 539. Thirty year interest bearing warrants as contemplated by Chapter 8639, are in effect bonds. Special Tax School Districts, and not the counties, are by the Constitution authorized to issue bonds for proper school purposes. See Brown v. City of Lakeland, 61 Fla. 508, 54 South. Rep. 716; Munroe v. Reeves, 71 Fla. 612, 71 South. Rep. 922; 70 Fla. 561.

Reversed.

BROWNE, C. J., AND TAYLOR, J., concur.

WEST AND ELLIS, J. J., specially concurring.

WEST, J., concurring—This is a suit brought by resident tax payers to test the constiutional validity of Chapter 8639, Acts of 1921, Laws of Florida. This statute is as follows:

## "CHAPTER 8639—(No. 244).

"An Act authorizing the Board of Public Instruction for the County of Calhoun, State of Florida, to issue time warrants to the amount of One Hundred Fourteen Thousand Dollars ($114,000.00) the proceeds to be used for the purpose of aiding in the building and equipment of modern public High School Building in Special Tax School Districts No. 1, (Wewahitchka), No. 3, (Blountstown), No. 4, (Altha) and No. 16; (Port St. Joe), of said County, and providing for the distribution of the fund, the levying of an annual tax for interest and sinking fund, and fixing a time limit for contesting the validity of said warrants.

*"Be it Enacted by the Legislature of the State of Florida:*

"Section 1. That the Board of Public Instruction for the County of Calhoun, State of Florida, be and is hereby authorized to issue and sell time warrants to the amount of One Hundred Fourteen Thousand Dollars ($114,000.00) or as much thereof as they shall find necessary, for the purpose of providing funds to acquire, build and equip modern public High School Buildings in said County in Special Tax School District No. 1, (Wewahitchka), No. 3, (Blountstown), No. 4, (Altha), and No. 16, (Port St. Joe) in aid of said Districts in said work as said Board shall. find their respective necessities require, not exceeding the following amounts to the District: Twenty-five Thousand Dollars ($25,000.00) for District No. 1 (Wewahitchka).

Thirty-seven Thousand Five Hundred Dollars: ($37,500.00) for District No. 3 .(Blountstown), ·Thirty-seven Thousand Five Hundred ($37,500.00) for District No. 4, (Altha), and Fourteen Thousand Dollars ($14,000.00) .for District No. 16 (Port St. Joe).

"Sec. 2. Said warrants shall be dated August 1, 1921, and be payable thirty years from their date, and bear interest at the rate of six per cent per annum, payable semi-annually, principal and interest to be payable at the office. of the County Superintendent of Public Instruction of said County. The said Board may in its discretion provide for a sinking fund for the liquidation of said warrants in whole or in part, to be set aside annually beginning from the date of said warrants, or may provide for such fund to begin at any time after ten years from the date of the. warrants, and in either .case may fix the amount to be created annually.

"Sec. 3. Said warrants shall be incontestable after thirty days from date of issuance; provided that notice of such issuance be given by said Board of Public Instruction, by publication in· a newspaper published in the County and by posting at the County Court House door, for at least three weeks during said period of thirty days, giving a substantial description of the warrants, their denomination, rate of interest, when and where payable and the purpose for which issued; provided further, that at any time before the expiration of said thirty days any person, firm. corporation, or tax payer of the County, or the Board of County Commissioners may file proceedings to contest the legality and validity of said warrants in the Circuit Court of said County, and in case no proceedings are filed within said thirty days, the entire issue shall be deemed regular and valid and no contest or impeachment of their validity shall thereafter be allowed in any court -whatsoever. .· :

"Sec. 4.   In case any proceedings shall be filed to contest the regularity or validity of said warrants within the time limited in the foregoing section, and the Court adjudges the warrants to be regular and valid, such judgment or decree unless appealed from within ten days, shall thereafter be conclusive upon all citizens and tax payers of the County, as well as upon the County itself, and the said Board of Public Instruction, and no further contest or proceedings shall ever thereafter be allowed.

"Sec. 5.   That all warrants issued as aforesaid shall be payable out of the general school fund of the County, and it shall be the duty of the County Commissioners to levy annually, at the request or requisition of the said Board of Public Instruction, a tax upon the real and personal property of the County sufficient to pay the interest on said warrants and to cover any sinking fund requirement that may be fixed by said Board of Public Instruction; such levy to be made in the general levy for public schools and confined within the limitation of the constitution fixing the millage for public school purposes.

"Sec. 6.   This Act shall take effect immediately upon its approval by the Governor, or its becoming a law without such approval.

"Approved June 6, 1921."

The suit is against the individual members of the Board of Public Instruction. No point is made on the absence, as a party defendant, of the Board of Public Instruction in its corporate capacity.

The bill alleges in substance that by the terms of the statute the Board of Public Instruction of Calhoun County is authorized to issue time warrants in the amount of

$114,000, or so much thereof as may be found necessary, for the purpose of providing funds required to construct and equip modern school buildings in four designated special tax school districts of the county and to provide ı sinking fund for the liquidation of such indebtedness out of the general school fund of the county, the annual tax levy therefor ''to be made in the general levy for public school and confined within the limitation of the constitution fixing the millage for public school purposes;'' that the statute is unconstitutional and void upon various stated grounds; that the maximum annual amount which can be raised by taxation for general school purposes based upon present assessed valuation of property is $24,822; that the board of public instruction of the county proceeding under this statute has issued $90,000 of such warrants for the purpose of aiding in the construction and equipment of high school buildings in three of the districts named and that it intends to issue the remainder of the amount authorized and sell all said warrants unless restrained by the court; that in order to pay the interest on said indebtedness if the total amount is issued, it will be necessary to divert annually from the school fund of the county approximately 28 per cent of the income from taxation for school purposes, based upon the present assessed valuation of the property.

The prayer is that the statute mentioned may be adjudged and decreed to be unconstitutional and void and that the defendants be restrained from offering for sale or selling any of the warrants authorized to be issued.

The bill was demurred to and upon an application for temporary injunction an order was entered denying the injunction and sustaining the demurrer with leave to complainant to amend. Subsequently, the attorney for com-

plainant having announced that he did not desire to amend, an order was made dismissing the bill.

In proceeding upon this inquiry we must do so in the light of the universally recognized doctrine that before a court is justified in striking down a deliberate act of the legislature its conflict with some identified and designated provision of the constitution must be so clear as to be free from doubt. 6 R. C. L. p 74; Ex Parte Pricha, 70 Fla. 265, 70 South. Rep. 406; City of Jacksonville v. Bowden, 67 Fla. 181, 64 South. Rep. 769.

The validity of the act is challenged on the ground that no notice was published in the county of the intention to apply for the passage of the act or that the bill would be introduced in the legislature, as required by Section 21 of Article III of the Constitution of Florida. In a number of cases this court has held that the question of compliance with this constitutional requirement is for the legislature and not the courts; that ascertainment of whether the required notice has been given is a legislative function, and the passage of a local or special act is itself a legislative judgment that the required notice has been published and that the evidence of such publication was "established in the legislature" before the act was passed, which judgment is conclusive upon the courts. Under this rule, whether the legislature observes this constitutional command is not a matter about which the courts may concern themselves. Stockton v. Powell, 29 Fla. 1, 10 South. Rep. 688; Rushton v State, 58 Fla. 94, 50 South. Rep. 486; Vann v State, 65 Fla. 160, 61 South. Rep. 323. If its non-observance has, or should hereafter, become a matter of public concern it may be corrected by so amending the constitution as to require such notice to affirmatively appear upon the legislative journals.

It is alleged that the act is unconstitutional because it is a special or local law for assessment and collection of taxes for State and county purposes, contrary to the express inhibition contained in Section 20 of Article III of the Constitution of Florida. By Section 5 of the statute it is provided that all warrants issued pursuant to its provision shall be payable out of the general school fund of the county, and it is made the duty of the county commissioners of the county to levy annually, at the request of the board of public instruction, a tax upon the real and personal property of the county sufficient to accumulate the sinking fund authorized and required by the terms of the statute to liquidate the indebtedness.

This feature of the statute is clearly not in conflict with the constitutional provision mentioned. Kroegel v. Whyte, 62 Fla. 527, 56 South. Rep. 498. The constitution expressly authorizes the enacment of special legislation dealing with public schools. Section 25, Article III of the Constitution; State *ex rel* Attorney General v. Bryan, 50 Fla. 293, 39 South. Rep. 929. If the statute is otherwise valid, it would be the duty of the board of public instruction and the board of county commissioners of the county, under existing statutes and within constitutional limitation to perform the duties required by this section of the statute to be performed by them. Tomasello vs. Board of Public Instruction, 55 Fla. 341, 45 South. Rep. 886.

It is urged that the statute is unconstitutional because in conflict with Article XII of the Constitution providing a general scheme for the support and maintenance of public free schools of the county and with certain designated sections of this article. In reply to this contention it is pointed out that the statute makes no attempt to authorize a rate of taxation for public school purposes in excess of maximum limitations fixed by the Constitution; that on

the contrary, it expressly provides that any tax levy for meeting the obligation authorized by it to be "confined within the limitation of the constitution fixing the millage for public school purposes;" that it neither creates a new nor increases an existing tax burden, but only anticipates an annual income from taxation, the certainty of which is proverbial, and authorizes and directs its disbursement for the purpose generally for which it is collected, in a manner which, so far as this record discloses, may be in accord with sound policy.

The cogency of this view must be admitted, but it loses its force when an examination of the constitution discloses that the accomplishment of the same object in another way is expressly provided for in the constitution itself. The object contemplated is the erection and equipment of high school buildings in certain designated special tax school districts of Calhoun County. But this very thing is expressly provided for by the constitution, the only difference being that the indebtedness contemplated, if authorized, is an obligation of the special tax school district in which the school is located and not of the county and may be incurred only upon a majority vote of the qualified electors of the district who are freeholders voting in favor of the issuance of bonds by the district. The constitutional authority for the issuance of such bonds is Section 17, Article XII of the Constitution, reading as follows:

"Section 17. The Legislature may provide for Special Tax School Districts, to issue bonds for the exclusive use of public free schools within any such Special Tax School District, whenever a majority of the qualified electors thereof, who are free holders, shall vote in favor of the issuance of such bonds.

"Whenever any such Special Tax School District has

exceed five mills on the dollar, in any one year, on the taxable property within the district voting for the issue of bonds shall be levied in accordance with law providing for the levying of taxes, to become a fund for the payment of the interest and redemption of such bonds.''

The principle is well established that where the constitution expressly provides the manner of doing a thing, it impliedly forbids its being done in a substantially different way. State ex rel Church v. Yeats, 74 Fla. 509, 77 South. Rep. 262; State ex rel Murphy v. Barnes, 24 Fla. 29, 3 South. Rep. 433.

The quoted constitutional provision is a limitation upon legislative power. If the exigencies of the situation seem to demand it and the voters of the several special tax school districts, or of any one of them, possessing the constitutional qualification desire it, and so express themselves in the manner prescribed, interest bearing obligations of such districts, payable at future dates, may be issued and sold and funds obtained and disbursed for the very improvements proposed by this enactment. The people of the State, by this constitutional provision, have reserved to themselves power to authorize the issuance of obligations in the nature of bonded indebtedness for the erection and equipment of high school buildings in special tax school districts of the county, and in doing so expressly provided that the bonds so issued should be district obligations. It is not permitted to be done in any other way. The statute, therefore, is inoperative because it transcends the limits imposed by the constitution, and it thereby becomes the duty of the court to so adjudge and give effect to the Constitution. 6 R. C. L. 70-73; State ex rel West v. Butler, 70 Fla. 102, 69 South. Rep. 771; Brown v. City of Lakeland, 61 Fla.

508, 54 South. Rep. 716; Board of Public Instruction Santa Rosa County v. Croom, 57 Fla. 347, 48 South. Rep. 641; State *ex rel* Loftin v. McMillan, 55 Fla. 254, 45 South. Rep. 882; State *ex rel* Bours v. L'Engle, 40 Fla. 392, 24 South. Rep. 539; Fairbank v. United States, 181 U. S. 283; State v. Williams, 146 N. C. 618, 61 S. E. Rep. 61.

As expressed by Taft, Chief Justice, in Bailey vs. The Drexel Furniture Co. 259 U. S. 20, holding invalid the Federal Child Labor Tax Law "the presumption of validity can not prevail, because the proof of the contrary is found on the very face of its provisions."

Nothing contained in this opinion is intended to militate against the view that counties and districts may reciprocally supplement school funds of such counties and districts in the maintenance and support of public free schools within the districts in the ordinary conduct of such schools.

ELLIS, J., concurs.