Harry A. Stewart Broward County General Counsel Fort Lauderdale
QUESTION:
Does a charter county have the authority to enact a valid ordinance which permits the county's consumer protection board to impose a civil penalty for violation of the board's cease and desist orders?
SUMMARY:
Unless and until legislatively provided, a charter county does not have the authority to enact an ordinance which provides for the imposition of civil penalties by county agencies or which purports to authorize a county consumer protection board to impose a civil penalty for violation of that board's cease and desist orders.
This question is controlled by s. 18, Art. I, State Const., which provides: `No administrative agency shall impose a sentence of imprisonment nor shall it impose any other penalty except as provided by law.' The term `administrative agency' includes a county consumer protection board. As it is stated in 2 C.J.S. (1972) at 80: "Administrative agency' is an organ of government other than a court and other than a legislature.' And 1 Am. Jur.2dAdministrative Law s. 49 (1962) provides that `[t]he term `administrative agency' is, of course, an indefinite and generic one. It covers boards, commissions, departments, and divisions . . . .' `Administrative agency' is defined more directly in 1 Fla. Jur.2d Administrative Law s. 4 (1977):
 `Agency,' as used in the term `administrative agency,' is a general term signifying a public official or body possessing administrative authority conferred by law. It thus describes a governmental officer, board, commission, department, bureau, or other such body (other than the courts or legislatures) having the power to make rules or regulations, or orders or determinations, which directly affect the rights of private persons.
The language of the constitutional provision is broad and covers all administrative agencies regardless of whether such agency is a state or county agency.
The word `no' is defined in 66 C.J.S. 597 (1950), as `negation, denial, or refusal; and `no' is defined as meaning not any; not one; not at all; not in any respect or degree.' See also 28A Wordsand Phrases 272 (1955). Moreover, where a statute or the Constitution uses a broad or comprehensive word or term, such as `no administrative agency,' without qualification or limitation, such word or term must be given an equally comprehensive meaning.See Florida Industrial Commission v. Growers Equipment Co.,12 So.2d 889 (1943). The established rules of statutory construction are equally applicable to the construction of the Constitution.See, e.g., State ex rel. McKay v. Keller, 191 So. 542 (Fla. 1939), and Mugge v. Warnell Lumber Veneer Co., 50 So. 645 (Fla. 1909). Therefore, any civil penalty which is imposed by a county consumer protection board must be `as provided by law.' Section 18, Art. I, State Const.
The phrase `as provided by law,' used in the Constitution has a fixed meaning and is limited to an enactment by the Legislature. In Grapeland Heights Civic Association v. City of Miami,267 So.2d 321 (Fla. 1972), the Supreme Court rejected a contention that the phrase `authorized by law' found in s. 12, Art. VII, State Const., refers to a municipal ordinance enacted by the city. The court, at 324, went on to reason:
 The import of `authorized by law' must of course be based on the definition of the word `law.' Although the term `law' has additional meanings, e.g., the case law, we are only concerned here with one particular definition. What does the word `law' in our constitution mean? We derive the constitutional meaning from Art. III, s. 6. According to this constitutional provision, every law must include the words: `Be it enacted by the Legislature of the State of Florida.' From this premise, it necessarily follows that `law' in our constitution means an enactment by the State Legislature (as the enactment into law of the city charter) — not by a City Commission or any other political body. (Emphasis supplied.)
See also AGO 074-232, citing the Grapeland Heights case. This reasoning is supported by the commentary following s. 18, Art. I, State Const., in Florida Statutes Annotated which states: `This section prohibits any administrative agency from imposing a sentence of imprisonment . . . . The power to impose any other form of penalty is likewise prohibited to administrative agencies unless expressly authorized by the Legislature.' (Emphasis supplied.) Thus, unless expressly authorized by the Legislature, an administrative agency, such as the Broward County Consumer Protection Board, is constitutionally prohibited by s. 18 of Art. I from imposing a civil penalty for violations of its cease and desist orders. Likewise, the governing body of a county is prohibited, in the absence of statutory authorization, from providing by ordinance for the imposition of civil penalties by agencies of the county.
You have not brought to my attention, nor has my research revealed, any legislative enactment which would permit a county consumer protection board to impose a civil penalty for violations of that board's cease and desist orders. Cf. s. 501.208(8), F. S. (1978 Supp.), as amended by s. 4, Ch. 79-386, Laws of Florida, which provides a civil penalty for violations of a cease and desist order issued by the Department of Legal Affairs after such order has become final. Moreover, s. 1(j) of Art. VIII, State Const., requires that persons violating county ordinances shall be prosecuted and punished as provided by law. Section 125.69, F. S., as amended by Ch. 79-379, Laws of Florida, provides that violations of county ordinances `shall be prosecuted in the same manner as misdemeanors are prosecuted' by the prosecuting attorney of the state court having jurisdiction of misdemeanors. Such violations, upon conviction, are punishable (by the court) by a fine or imprisonment or both as prescribed by s. 125.69, as amended. Therefore, I am compelled to conclude that, unless and until so provided by the Legislature, a county consumer protection board is without authority to impose a civil penalty, and the governing body of a county may not by ordinance provide for the imposition of such penalties by county agencies.
Any contention that the home rule powers granted to charter counties by s. 1(g), Art. VIII, State Const., authorize a charter county by ordinance to permit a consumer protection board to impose a civil penalty must fall. Section 1(g) of Art. VIII, among other things, provides: `Counties operating under county charters shall have all powers of local self-government not inconsistent with general law or with special law approved by vote of the electors. The governing body of a county operating under a charter may enact county ordinances not inconsistent with general law.' While this grant of power is broad, it cannot be construed as an implicit exception from or nullification of the express terms of s. 18, Art. I, State Const. Section 1(g), Art. VIII, authorizes charter counties to enact county ordinances which are not inconsistent with general law or special law approved by the electors of that county; it does not by its terms make a charter county ordinance a legislative enactment. The well-established principle of expressio unius est exclusio alterius is applicable to this situation. This principle states that when the Constitution expressly provides the manner in which a thing is to be done, it impliedly prohibits the thing from being done in a different manner. While the Constitution does not in express terms prohibit the doing of a thing in a different manner, the fact that the Constitution has prescribed the manner in which something shall be done is itself a prohibition. See In re Advisory Opinion of Governor Civil Rights, 306 So.2d 520 (Fla. 1975), and Weinberger v. Board of Public Instruction, 112 So. 253 (Fla. 1927). Therefore, when the Constitution prescribes the manner in which something is to be done, that manner is exclusive, and it is beyond the power of a charter county to attempt to enact an ordinance that would negate the purpose of the constitutional provision. See Leonard v. Franklin, 93 So. 688 (Fla. 1922). Thus, the fact that s. 18, Art. I, expressly prohibits any administrative agency, which includes a county consumer protection board, from imposing any civil penalty unless such penalty is expressly authorized by a legislative enactment is an implied prohibition of such penalty's being authorized by a county ordinance, whether in a noncharter county or charter county.
I therefore conclude that, unless and until legislatively provided, a charter county does not have the authority to enact an ordinance which provides for the imposition of civil penalties by county agencies or which purports to authorize a county consumer protection board to impose a civil penalty for violation of that board's cease and desist orders.
Prepared by:
Craig B. Willis Assistant Attorney General