N. B. JORDAN, *Appellant,* v. DUVAL COUNTY, *et al.,*
*Appellees.*

## Opinion Filed June 30, 1914.

1. The courts will not decline to give effect to the legislative intent as expressed in a duly enacted statute on the ground that it is unconstitutional, unless it clearly appears beyond all reasonable doubt, that the statute in its essential features is in positive conflict with some identified provision of organic law.

2. The Constitution does not define or amplify the term "county purposes" for which counties may be authorized "to assess and impose taxes," and the Legislature, in exercising its appropriate lawmaking functions, may determine what is a "county purpose," and the courts are not authorized to render such determination ineffectual, unless some provision of the Constitution is violated, or unless the particular enactment can have no legal or practical relations whatever to any "county purpose."

3. Where the courts may enquire into the existence of legislative power to enact a statute, the absence of power must clearly appear before the statute will be declared to be ineffectual for the purpose designed.

4. The courts are authorized to determine the legality of a statute in appropriate proceedings; but considerations of policy including the necessity and wisdom of a regulation are determined by the Legislature in enacting the statute.

5. As applied to the taxing power that may be conferred upon counties, the organic mandate that "the Legislature shall provide for a unform and equal rate of taxation," doe$ not require that the rate of taxation shall be the same in each and every county, but that all property which is legally taxable for a given purpose, shall be subjected to "a uniform and equal rate of tavation."

6. Chapter 6580 Acts of 1913, is a special and local law authorizing the county of Duval upon stated conditions to issue bonds and to levy taxes to pay the principal and interest thereof for the purpose of erecting and equipping an armory to be used in whole or in part for the State Militia, in the county, "upon such terms and conditions and with such limitation or reservation of the use of said armory, as may by the county commissioners be determined to be for the best interests of said county," and it does not appear beyond all reasonable doubt that such enactment violates Sections 1 and 5 of Article IX of the Constitution, limiting county taxation to the field of "county purposes."

Appealed from Circuit Court for Duval County; Daniel A. Simmons, Judge.

Order affirmed.

*P. H. Odom,* for Appellant;

*Fleming & Fleming* and *C. E. Pelot,* for Appellees.

WHITFIELD, J.—Chapter 6580, Acts of 1913, is a local and special law authorizing the county of Duval if duly approved by the qualified voters of the county to issue bonds and to levy a tax to pay the principal and interest thereof, "for the purpose of providing and procuring a site for the erection of an armory and for the construction and equipment of an armory to be placed in whole or in part under the jurisdiction and at the disposal of

the armory board of the State of Florida, and its suc-
cessors, or under the jurisdiction and disposal of any
board, commission or officer, which may hereafter by law
be vested with the powers of said armory board, and upon
such terms and conditions and with such limitation or
reservation of the use of said armory, or any part thereof,
as may by said board of county commissioners be deter-
mined to be for the best interest of said county of Duval."

The Circuit Judge denied the application of a taxpayer
to have the issuance of the bonds enjoined, and sustained
demurrers to the bill of complaint. The taxpayer ap-
pealed. It is contended that the statute authorizing the
issue of the bonds violates sections 1 and 5 of Article 9
of the State Constitution, which are as follows:

"Section 1. The Legislature shall provide for a uniform
and equal rate of taxation, and shall prescribe such regu-
lations as shall secure a just valuation of all property,
both real and personal, excepting such property as may
be exempted by law for municipal, educational, literary,
scientific, religious or charitable purposes."

"Section 5. The Legislature shall authorize the several
counties and incorporated cities or towns in the State to
assess and impose taxes for county and municipal pur-
poses, and for no other purposes, and all property shall
be taxed upon the principles established for State taxa-
tion   *   *   *   ."

No question under the Federal Law is presented in this
case.

The courts will not decline to give effect to the legisla-
tive intent as expressed in a duly enacted statute on the
ground that it is unconstitutional, unless it clearly ap-
pears beyond all reasonable doubt, that the statute in its
essential features is in positive conflict with some identi-

fied provision of organic law. City of Jacksonville v. Bowden, 67 Fla. 181, 64 South. Rep. 769; Anderson v. City of Ocala, 64 South. Rep. 775.

While the Constitution provides that "the Legislature shall authorize the several counties * * * in the State to assess and impose taxes for county * * * purposes, and for no other purposes," the term "county purposes" is not defined or amplified in the organic law. This being so the legislative power, in exercising its appropriate lawmaking functions, may determine what is a "county purpose," and the courts are not authorized to render such determination ineffectual, unless some provision of the Constitution is violated, or unless the particular enactment can have no legal or practical relation whatever to any "county purpose." Where the courts may as in this case enquire into the existence of legislative power to enact a statute, the absence of power must clearly appear before the statute will be declared to be ineffectual for the purpose designed. The courts are authorized to determine the legality of a statute in appropriate proceedings; but considerations of policy including the necessity and wisdom of a regulation are determined by the Legislature in enacting the statute. As applied to the taxing power that may be conferred upon counties, the organic mandate that "the Legislature shall provide for a uniform and equal rate of taxation," does not require that the rate of taxation shall be the same in each and every county, but that all property which is legally taxable for a given purpose, shall be subjected to "a uniform and equal rate of taxation." Any authority conferred by law upon a county to impose a property tax must be for a county purpose, and the quoted organic provision merely requires that all property lawfully burdened therewith shall be taxed at "a uniform and equal rate."

It was held in State *ex rel.* Milton v. Dickenson, 44 Fla. 623, 33 South. Rep. 514, 60 L. R. A. 539, that Section 27, Chapter 4684, Laws of 1899, Section 556 Revised Statutes of 1892, which provides that "it shall be the duty of the board of county commissioners in each county in which there is a company of State troops to provide each company with an armory suitable for its meetings and drill and a safe storage of its arms and equipments," violated the Constitution in that it in effect mandatorily required the several counties of the State to impose a tax for other than a county purpose." The theory of the holding being that the military organization of the Florida State Troops was wholly a State institution established for a purely State purpose, and that under such conditions, providing armories for the State Troops would not be a county purpose. That statute was a general enactment "to provide for and encourage the organization of a Corps of Voluntary Militia as a land force, and to enforce the discipline therein."

The quoted provision of the Act of 1899, apparently had no necessary connection with the subject expressed in the title of the act or with the other very general provisions of the Statute, which refer to and affect the State as an entirety; and the section peremptorily requiring the counties to provide armories made no provision for a fund to meet the expense, leaving it to be borne apparently by the funds derived from taxation for general county purposes. Such general statute therefore did not indicate that the Legislature had lawfully enacted after due determination that providing armories for the State troops as commanded by that act, was a county purpose.

The special and local statute here considered clearly indicates that the lawmaking power definitely determined that the erection of an armory in Duval County as therein

authorized but not commanded, is for a county purpose; and in view of the peculiar conditions on which the enactment is predicated and of the terms and purpose of the statute which have been enacted as a special law and duly approved by the electorate of the county, it cannot be said that beyond all reasonable doubt the statute has no substantial relation whatever to any county purpose or violates the sections of the Constitution referred to. This being so, the legislative intent should be enforced, and there was no error in denying the injunction, and in sustaining the demurrers to the bill of complaint. If any expressions contained in the opinion in the Dickenson case are inconsistent with the decision in this case, they are not followed.

The order appealed from is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.