TUCKER SAVAGE, *Appellant*, VS. THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF HILLSBOROUGH, State of Florida, and CHARLES F. BLAKE, A. B. HALE and J. H. LOCKHART, as Trustees of Consolidated Special Tax School District No. 4, In Hillsborough County, Florida, *Appellees*.

Division B.

Opinion filed March 28, 1931.

1364

*Bivens & Huggins,* for Appellant;
*W. F. Himes,* for Appellee.

DAVIS, J.—Appellant, a tax payer, by injunction proceedings in the Court below, sought to enjoin the appellees, Board of Public Instruction and Trustees of Consolidated Special Tax School District No. 4 in Hillsborough County, from issuing $75,000.00 of interest bearing time warrants

on behalf of said district, and if said warrants were issued, the use of any of the funds of said special tax school district for the payment of the moneys due on said warrants.

The allegation of the bill, in substance, was that the defendants proposed to ''issue and sell for the purpose of undertaking to borrow money for said school district, obligations of said school district evidenced by interest bearing warrants aggregating the principal sum of $75000.-00, without any election to authorize the issuance of said warrants, and that the same were not to be issued to refund any bonds or interest thereon of said district.''

By an answer filed to the bill, it was made to appear that the defendant school board, with the consent and approval of the defendant school trustees, in order to borrow $75000.00 required to pay the salaries of the teachers in the schools of district for the last month of the current school year, proposed to issue and dispose of, at par, the amount of interest bearing warrants in question, same to be payable on or before June 30, 1931, and to be issued against and payable only out of the then uncollected district school taxes which had been lawfully levied and assessed upon the tax roll of the County for the year 1930 on the taxable property within said school district; that the warrants proposed to be issued would not be in excess of 62% of the then levied, assessed and uncollected taxes; that the defendants had not incurred and did not propose to incur indebtedness in and about the operation of the schools of the district, including the amount of the proposed warrants, in excess of the current levied and assessed taxes which would be collected at or before the delinquent tax sale on said roll; that the occasion for the issuance and disposal of the warrants is that the taxes are not sufficiently actually collected when the needed funds are required for

the payment of the salaries referred to; that no moneys have been borrowed which have not been repaid; that the aggregate funds proposed to be applied to the payment of teachers' salaries, including the amount of the proposed warrants, falls within the amount apportioned for that purpose in the itemized estimate filed by the defendant Trustees on July 1, 1930, in accordance with the requirements of Section 712, C. G. L. 571, R.G.S.; that said proposed warrants are not illegal but are expressly authorized by Chapter 12847, Acts of 1927, Laws of Florida.

On a hearing before the Chancellor on bill and answer the Court made a decree that ''the proposed action of the defendants, including the issuance and sale of the warrants referred to in their answer, is not unlawful, and that Chapter 12847, Laws of Florida, Acts of 1927, is a valid enactment and does not offend against any provision of the Constitution,'' and dismissed the bill.

The legislative Act referred to provides as follows: ·

''Section 1. The Board of Public Instruction for the County of Hillsborough, State of Florida, by and with the consent of the Trustees of any Special Tax School District in said County, shall be and is hereby authorized from time to time to borrow money and pay interest thereon at not exceeding eight per cent per annum, during any year for the exclusive use of the Public Free Schools of said District, against and payable out of the district school taxes of said County, not exceeding eighty per cent of the District School Taxes of said District at that time levied and uncollected.

Section 2. For the purpose of procuring the moneys hereby authorized to be borrowed, the Board of Public Instruction for said County, with the approval of the Trustees of the District, shall be authorized to issue and sell interest bearing coupon warrants or notes signed by the Chairman of said Board and countersigned by

the Secretary thereof, with the seal of said Board affixed, bearing interest from date at the rate of not exceeding eight per cent per annum. Said warrants may be sold at Public or private sale, but shall not be sold for less than par value of the same.

Section 3. When the Board, with the approval of the Trustees of any District, shall have borrowed money under the terms of this Act for the use and benefit of said District during any one year, they shall have no power under the terms of this Act to borrow any additional sums of money during any subsequent year until the preceding loan or loans shall have been repaid.

Section 4. No money shall be borrowed under the provisions of this Act other than for the purpose of building or repairing school houses, for the purchase of school libraries and text books, for the salaries of teachers, or the payment of the necessary expenses of operating the schools of the special tax school district, and the proceeds of any loan shall be applied to no other purpose, and shall be expended only as shall be approved by the said Board of Public Instruction and the Trustees of the said District.

Section 5. The purpose and intent of this Act being to confer additional powers upon the Board of Public Instruction of said Hillsborough County, Florida, no limitations now existing upon the powers of said Board shall be deemed to apply to the exercise of any of the powers hereby conferred, and no warrants issued or moneys borrowed under the provisions of this Act shall be deemed to constitute any portion of the amount of moneys or warrants authorized to be borrowed or issued by said Board under the existing provisions of law."

Unless said Act is unconstitutional, it is obvious that it constitutes adequate legislative authority for the defendants to do the acts complained of, and that the proposed

warrants when issued, would be legally enforceable against the school board and trustees. First National Bank v. Board of Public Instruction, 93 Fla. 182, 111 So. 521.

But the Act in question cannot be held to be unconstitutional on the grounds asserted by appellants, which are that it violates Section 17 of Article XII, amended Section 6 of Article IX, or Sections 10, 11 and 13 of Article XII of the State Constitution.

Sections 715 and 717, C.G.L., 574, 576, R.G.S. (Chapter 4678, Acts of 1899), contain a legislative authorization to County Boards of Public Instruction to contract indebtedness for Special Tax School Districts to be paid out of their current tax levies. For more than twenty years there has been a recognition and exercise of this power, and it is difficult to see how the public schools could be operated without the exercise of a limited authority to borrow money for current expenses, in anticipation of the receipt of taxes in course of collection and certain to be collected.

The Florida Constitution imposes no limitation upon school boards and school districts becoming indebted for their *current* expenses within the amount of the *current* tax levy.

What was heretofore held by this Court in such cases as Board of Public Instruction v. Union School Furnishing Co., 129 So. 824, 100 Fla. ....; Barrow v. Moffet, 116 So. 71, 95 Fla. 111; Davis v. Dixon, 123 So. 636, 98 Fla. 87; State v. Green, 116 So. 66, 95 Fla. 117; Hathaway v. Munro, 119 So. 149, 97 Fla. 28; Amos v. Mathews, 126 So. 308, 99 Fla. 1; Advisory Opinion to Governor 114 So. 850, 94 Fla. 967, does not militate against our holding here, nor is our holding here to be construed as in anywise detracting from or weakening the force of our previous holdings just referred to.

The warrants here authorized by special Act of the Legislature, which Act is held to be within its constitutional power to enact, are expressly made payable, as recited in the face thereof, "out of the now uncollected district school taxes levied and assessed upon the tax roll of Hillsborough County, Florida, for the year 1930 for the exclusive use and maintenance of the public free schools within Consolidated Special Tax District No. 4, in said Hillsborough County, upon the taxable property within said district."

The Constitution of this State is not a grant of power to the Legislature, but a limitation only upon legislative power, and unless legislation be clearly contrary to some express or necessarily implied prohibition found in the Constitution, the courts are without authority to declare legislative Acts invalid. The Legislature may exercise any lawmaking power that is not forbidden by organic law. State v. Brown, 39 Fla. 929, 50 Fla. 293; Jordan v. Duval County, 66 So. 298, 68 Fla. 48; Stone v. State, 71 So. 634, 71 Fla. 514.

The lawmaking power of the Legislature necessarily extends to creating, defining and limiting the powers and duties of the board of public instruction and trustees of special tax school districts, with respect to public funds raised for the support and maintenance of our public free schools, and constitutional provisions and restrictions against the creation of indebtedness or the issuance of bonds, are not to be deemed transgressed by legislation which merely authorizes the anticipation of current revenues or tax levies through the issuance and disposal of interest bearing warrants limited as these are, and payable only out of and against uncollected taxes or anticipated current

revenues which are reasonably expected to be realized for the purpose of paying them as current expenditures. In re: State Warrants, 6 S.D. 518; 62 N.W. 101; Law et al. vs. People, 87 Ill. 385; People v. Way, 9 Colo. 404, 12 Pac. 838.

In cases where the warrants are legally issued within the meaning of the foregoing rule, the fact that they are issued as interest bearing warrants is of no consequence, since the addition of the so-called interest is simply a statutory allowance for the delay, by way of compensation to the party who holds the warrant for waiting until the money to pay the same is collected from current tax levies for its discharge. Nevada v. Parkinson, 5 Nev. 15.

The decree appealed from is affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.