THE BOARD OF PUBLIC INSTRUCTION, FLAGLER COUNTY, et al., *Appellants*, vs. V. W. MCKENZIE, *Appellee*.

137 So. 899.

En Banc.

Opinion filed October 12, 1931.

*J. V. Walton* and *H. A. Henderson,* for Appellants;
*George B. Everson,* for Appellee.

PER CURIAM.—This appeal is from a decree overruling a demurrer to a bill of complaint and enjoining the issue

of notes by the board of public instruction of the county under Chapter 15779 Acts of 1931, for the purpose of borrowing money in anticipation of revenues to be received by the county school fund for the current school year from the State under Chapter 14892 Acts of 1931, the decree in effect holding that the issue of the notes for $96\frac{1}{2}\%$ of the amount of the notes payable in six months with interest at 4% per annum, in effect makes the interest on the amounts borrowed exceed the interest limit of 8% per annum fixed by the statute.

Prior to 1926 the organic law of this State did not contemplate legislative appropriations of State funds to the county school fund. Section 9, Article XII, constitution, as amended in 1926 is as follows:

"In addition to the tax provided for in Section 8 of this Article the County School Fund shall consist of the proportion of the interest of the State School Fund and of the one mill State tax apportioned to the county, all capitation taxes collected without the county and all appropriations by the Legislature which shall with all other County School Funds be apportioned and distributed as may be provided by law and shall be disbursed by the County Board of Public Instruction solely for the support and maintenance of public free schools: provided, that such apportionment and distribution shall be made by general law based to be determined by the Legislature."

Since the adoption of that organic amendment, statutory tax levies and appropriations of State funds to the county school fund have been made. See Chapter 12012, Acts of 1927; Chapter 14573, Acts of 1929; Chapter 14575, Acts of 1929; Chapter 14892, Acts of 1931. The appropriations made by the last Act are in greater part not available till the month of February, while the school term begins in the previous September, consequently, it is desirable that the revenues therefrom be anticipated to serve their purpose.

Chapter 15779, Acts of 1931, is as follows:

"AN ACT AUTHORIZING the County Boards of Public Instruction of the Several Counties of the State of Florida to Borrow Money; Providing a Rate of Interest, and Limiting the Amount of such Money so to be Borrowed to 80% of the Estimated Revenue Accruing.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

Section 1. The County Boards of Public Instruction of the several counties of the State of Florida are hereby authorized and empowered to borrow sums not exceeding 80 per cent of the amount of revenue reasonably expected to be received from the State of Florida from the County School Fund at a rate of interest not exceeding 8 per cent, provided the estimate of all revenue to be received from said source has been approved by the State Superintendent of Public Instruction. Any moneys borrowed under the provisions of this Act for any fiscal year shall be repaid to the parties from whom borrowed out of the first receipts of such County Board of Public Instruction from said source. The right and power to borrow money herein granted shall be cumulative to the powers now existing, but the anticipated receipts from the County School Fund shall not be considered in borrowing money under any other Act. No money shall be borrowed under the provisions of this Act unless all moneys borrowed under the provisions of this Act for previous fiscal years have been repaid in full.

Section 2. All laws and parts of laws in conflict herewith are hereby repealed.

Section 3. That this law shall become effective September First, 1931.

Became a law without the Governor's approval."

Chapter 15779, Acts of 1931, does not purport to authorize the County Board of Public Instruction to issue time warrants for the purpose of borrowing money to be paid in the future with interest without reference to the current revenues of the Board for the fiscal year in which the time warrants were issued, as did Chapter

14550, Acts of 1929, which was held invalid in State v. Board, 98 Fla. 1152, 125 So. 375.

The statute here involved merely authorizes the County Board of Public Instruction to anticipate a portion of its revenues for a fiscal year by borrowing not exceeding 80 per cent of the reasonably expected revenue to be received from the State for the County School Fund, the estimate of the amount that may be legally anticipated to be approved by the State Superintendent of Public Instruction, the amounts legally borrowed to be repaid out of the first receipts of the County School Fund from the State, and no money shall be borrowed *unless* all moneys borrowed under the Act for previous years have been repaid in full. Chapter 15779 is valid under the principles announced in Savage v. Board, 101 Fla. 1362, 133 So. 341.

The resolution adopted by the Board of Public Instruction of the county purported to authorize money to be borrowed and the making by the Board of notes payable six months after date, with interest from date at the rate of four per cent per annum, the notes to be delivered to the lender "upon payment of an amount of money equal to 96½ per cent of the principal of said notes, together with accrued interest thereon to the day of such delivery and payment." The loan being for six months, the interest for that period amounting to 2 per cent together with the 3½ per cent discount will make 5½ per cent discount and interest for six months, or 11 per cent per annum. This is a violation of the statute which authorizes the Board to borrow sums not exceeding 80 per cent of the amount of revenue reasonably expected to be received for the fiscal year from the State of Florida for the County School Fund "at a rate of interest not exceeding 8 per cent," meaning 8 per cent per annum.

The statute contemplates that evidences of indebted-

ness executed by the Board to be paid from the County School Fund shall be for the amounts that may be legally borrowed and received by the Board with interest at a rate not exceeding 8 per cent per annum; that the sums borrowed shall not exceed 80 per cent of the amount reasonably expected to be received for the fiscal year from the State of Florida for the County School Fund; that the estimate of all revenue to be received from the State shall be approved by the State Superintendent of Public Instruction; that any moneys borrowed under the Act for any fiscal year shall be repaid out of the first receipts of funds from the State; and that no moneys shall be borrowed unless all moneys borrowed under the Act for previous fiscal years have been repaid in full.

The notes proposed to be issued by the Board in effect attempted to obligate the County Board of Public Instruction to pay interest from the County School Fund at a rate exceeding 8 per cent per annum in violation of the statute, and the issue of the notes was properly enjoined.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.