STATE, *ex rel.* CARY D. LANDIS, as Att'y Gen'l, *et al.,* as Board of Engineering Examiners, v. GEORGE T. WARD.

158 So. 273.

Opinion Filed December 12, 1934.

586

*Waller & Pepper,* for Relators;
*Wm. D. Hopkins,* for Respondent.

DAVIS, C. J.—This is an original proceeding on an information in quo warranto filed by the Attorney General with the members of the State Board of Engineering Examiners of the State of Florida as corelators against George T. Ward, alleging that he has usurped and assumed to exercise the privileges, franchises, titles and functions of the office of County Surveyor of Bay County, Florida, and is otherwise engaged in the practice of land surveying without warrant or authority of law.

The respondent has filed a motion to quash the information and writ, but has filed no brief in support of said motion.

The information alleges that the respondent received a majority of the votes cast in Bay County for the office of County Surveyor at the general election of 1932, and that by virtue thereof a commission for a term of four years from the first Tuesday after the first Monday in January, 1933, was duly issued to said respondent as County Surveyor of Bay County, Florida; that the said George T. Ward did undertake to and did qualify and is now holding the office, performing the functions and receiving the compensation of County Surveyor, and is otherwise engaged in the practice of land surveying in the State of Florida; that under and by virtue of Chapter 15657, Acts of Florida, 1931,* all land surveyors, from and after the first day of January, 1932, were prohibited from the practice of land surveying without having been first duly and regularly registered with the Board of Engineering Examiners of the State of Florida as a land surveyor, as provided by Section 2 of the Chapter aforesaid; and that by Section 9 of said Chapter, County Surveyors duly elected and holding the

*The above Act is designated as Section 4151 (96) to 4151 (109) of the Cumulative Supplement of 1934, Compiled General Laws.

office of County Surveyor prior to the effective date of said Act, to-wit: January 1, 1932, should be exempt from the provisions of said Act.

The information further alleges that the respondent was elected subsequent to the effective date of the Act, that he failed and refused to qualify as provided by said Act and that he is, therefore, ineligible to engage in the practice of surveying and to hold the office of County Surveyor of Bay County, Florida.

The pertinent portions of the Act affecting this litigation are found in Section 2 of Chapter 15657, Acts of 1931, and Section 9 of said Chapter. Section 2 is as follows:

"*Land Surveyors Required to Register.*—That after the first day of January, Nineteen Hundred and Thirty-two, no person shall practice land surveying without having first been duly and regularly registered by the Board of Engineering Examiners as a land surveyor as required by this Chapter, nor shall any person practice land surveying whose authority to practice is revoked by the said Board."

The pertinent portions of Section 9 of said Act were as follows:

"*Land Surveyors Not Affected by This Act.*—This Act shall not apply to any land surveyor working for the United States Government; * * * nor any County Surveyor heretofore duly elected and now holding office of County Surveyor under the laws of Florida; such exemption to expire upon the expiration of his term of office; * * *."

Section 6 of Article 8 of the Constitution of the State of Florida is as follows:

"The Legislature shall provide for the election by the qualified electors in each county of the following county officers: a Clerk of the Circuit Court, a Sheriff, Constables, a County Assessor of Taxes, a Tax Collector, a Superintendent of Public Instruction and a County Surveyor. The

term of office of all county officers mentioned in this section shall be for four years, except that of County Assessor of Taxes and County Tax Collector, who shall be elected for two years until at the general election to be held in the year A. D. 1916, when and after which they shall be elected for a term of four years. Their powers, duties and compensation shall be prescribed by law. The Legislature shall provide by law for the care and custody of all county funds and shall provide the method of reporting and paying out all such funds.

"Provided, County Treasurers elected in general election held in 1914 shall hold office for the term elected."

Section 10, Article 18 of the Constitution of Florida, is as follows:

"The first election for County Judge, Clerk of the Circuit Court, Sheriff, Tax Assessor, Tax Collector, County Treasurer, County Superintendent of Public Instruction, County Surveyor, Justices of the Peace, Constables and all other elective County Officers shall be at the general election in 1888."

A motion to quash admits the facts alleged in the information.

When the constitution of a state creates an office, and names the requirements of eligibility therefor, the Legislature has no authority to make additional requirements, nor to provide that one may hold the office who does not have the constitutional requirements. When an office is created by an Act of the Legislature, that body has the authority to name the terms of eligibility and modify them at will.

But it does not necessarily follow that because the Constitution is altogether silent as to special requirements of eligibility for an officer who is provided to be elected or appointed to a constitutional office, that a statute is unconstitutional or unenforceable merely because it undertakes to

fix certain reasonable standards of professional fitness for those persons otherwise qualified who aspire to hold particular offices implying some additional qualification in the nature of a professional or technical fitness of training to be possessed by the office-holder, in order that he may be able to properly and competently discharge the duties imposed upon him by law as an incident to his incumbency of an office of a professional nature.

The Constitution of this State is a limitation upon the power to legislate that is inherent in the Legislature. And unless legislation duly enacted be clearly contrary to some expressed, or necessarily implied, prohibition contained in the State Constitution, or is shown to be in violation of the Federal Constitution, the courts of this State have no authority to pronounce such legislation void, nor to refuse to give it judicial effect when called upon to enforce it, or administer it, in a justiciable controversy. State, *ex rel.* Attorney General, v. Bryan, 50 Fla. 293, 39 Sou. Rep. 929; Neisel v. Moran, 80 Fla. 98, 85 Sou. Rep. 346; Savage v. Board of Public Instruction Hillsborough County, 101 Fla. 1362, 133 Sou. Rep. 341.

The office of County Surveyor is one that from its inherent nature is an office capable of being filled only by some person elected or appointed to hold it who is qualified in a practical or professional way as a practitioner of surveying. For such office it is true that the Constitution is silent as to any particular constitutional requirement of eligibility and personal fitness of the person who may be elected to fill it, but the office being one of a technical character, it is necessarily implied that the holder of it shall be competent under the law to personallly perform the acts that must be done by an incumbent of it in order to en-

able him to discharge the official duties that the law requires shall be discharged by a County Surveyor.*

Surveying is the operation of finding and delineating the contour, dimensions, position, topography, etc., as of any part of the earth's surface, whether land or water, by the preparation of a measured plan or description of any area or other portion of the country, or of a road or line through it. It is that branch of applied mathematics which teaches the art of determining the area of boundaries of any portion of the earth's surface, the lengths and directions of the boundary lines and the contour of the land. And a "surveyor" necessarily is one who is qualified to ascertain and does ascertain the facts necessary to a correct survey, or who by reason of practical experience in regard to such matters is able to perform the duties necessary to the ascertainment of the facts essential to a correct survey. Severance v. Ball, 93 Cal. App. 56, 268 Pac. 1068.

The effect of Chapter 15657, Acts of 1931, *supra,* is to set up certain professional standards that must be possessed by every person who practices the professional art of surveying in this State. Section 9 of the Act makes it applicable to those who hold the constitutional office of County Surveyor and practice surveying in that capacity, as well as those who practice surveying in a private professional capacity.

The effect of the statute is to operate directly upon the person of the practitioner by making it unlawful for such person to practice land surveying in this State after Jan-

*The Constitution is silent as to particular qualifications for other offices of a professional character, the Attorney General, for example. But it would hardly be contended that the Legislature is wholly devoid of power to prescribe by statute that the Attorney General shall be a duly admitted practicing attorney at the bar in order to be qualified to hold such office.

uary 1, 1932, who is not a duly and regularly registered land surveyor, with certain exceptions. To give effect to this statute by applying it against the personal right of the respondent in this case to practice land surveying is to deny him the right, as an unregistered surveyor, to do any act of land surveying. That it may be made to operate against respondent personally insofar as his personal qualifications to practice land surveying is concerned, is undoubtedly a proper exercise of the police power of the State to set up standards and regulate the practice of arts and professions of a public character.

We therefore have in this case a situation where the office of County Surveyor is being filled by an incumbent who is personally disqualified to do any of the professional acts or to render any of the professional services that would have to be rendered by him if the office of County Surveyor which he holds is to subserve any part of the purpose of its existence. In this respect the respondent is as much personally rendered unable to perform the duties of the office which he now holds as would be a County Attorney who had never been admitted as a practitioner of law in the Florida Courts, or who having been once admitted has since lost through disbarment his status as a licensed attorney at law.

It has been held by respectable authority that where the incumbent of an office has become personally disqualified to perform its duties because he lacks or has lost his legal right to practice a profession or professional art that must be practiced in order to enable such incumbent to discharge the duties of the office in the manner provided by law, that thereupon such incumbent becomes ineligible to continue to hold the office that he has been appointed or elected to, and *quo warranto* will lie to oust him therefrom. Jansky v. Baldwin, 120 Kan. 332, 243 Pac. Rep. 302, 47 A. L. R. 476.

We hold, therefore, that where it is made to appear that an incumbent in the office of County Surveyor is not a registered surveyor as required by law, that he must be adjudged ineligible to continue to hold an office whose duties he could perform only by means of personally practicing a statutorily regulated profession in violation of the statute governing his personal qualifications to practice as a land surveyor, and that a writ of ouster may be ordered in such case on complaint of the Attorney General proceedings in *quo warranto,* if the cause of the complaint be duly admitted or established.

Motion to quash information overruled.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.