## BOARD OF PUBLIC INSTRUCTION FOR POLK COUNTY, FLA., v. GILLESPIE et al.

## FIDELITY LIFE ASS'N v. BOARD OF PUBLIC INSTRUCTION FOR MARTIN COUNTY, FLA.

Nos. 7808, 7888.

Circuit Court of Appeals, Fifth Circuit.

Jan. 25, 1936.

No. 7888:

Carroll Dunscombe and T. T. Oughterson, both of Stuart, Fla., for appellant.

A. O. Kanner, of Stuart, Fla., for appellee.

Scott M. Loftin, Jno. P. Stokes, and James E. Calkins, all of Miami, Fla., amici curiæ.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Specifically authorized by chapter 13296 as to Polk county, and chapter 13072 as to Martin county, Sp.Acts of 1927, Laws of Florida, and in exact accordance therewith, boards of public instruction, respectively, of Polk county and of Martin county issued refunding bonds to fund past indebtedness. The Polk county board on July 1, 1927, issued $200,000; the Martin county board $50,000 on September 22, 1927. The Polk county bonds on June 17, 1927, and the Martin county bonds on September 22, 1927, were validated and confirmed by decree of the circuit courts of Polk and Martin counties respectively. The validating suits were tried and determined under authority of, and in exact accordance with, the statutes providing for and authorizing such suits, sections 5106 to 5112 Compiled Laws of Florida.[1]

These two appeals, one by the plaintiff from a judgment dismissing its suit on refunding bonds of the board of instruction of Martin county, the other by the defendant, the board of public instruction of Polk county from a judgment in favor of plaintiff on his bonds, present the same question. This question is whether there is such infirmity in the bonds as that they are invalid in the hands

W. P. Allen and B. C. Wilson, both of Bartow, Fla., for appellant.

D. C. Hull, Erskine W. Landis, and Francis P. Whitehair, all of De Land, Fla., for appellees.

Giles J. Patterson, of Jacksonville, Fla., amicus curiæ.

---

[1] These statutes authorized a county or other taxing district which intends to issue bonds "to determine its authority to incur bonded debt * * * and the legality of all proceedings had or taken in connection therewith, by filing a petition against the State of Florida in the circuit court of the County in which the * * * proceedings have been had or taken." Section 5106.

They contemplate, they provide for, a contested proceeding; they authorize intervention by interested persons and they provide for an appeal to the Supreme Court by any dissatisfied party.

Section 5109: "Conclusiveness of Decree.—In the event no appeal is taken within the time prescribed herein, or if taken, and the decree validating said bonds or certificates is affirmed by the Supreme Court, the decree of the circuit court validating and confirming the issuance of the bonds or certificates shall be forever conclusive as to the validity of said bonds or certificates against the county, municipality, taxing district, or other political district or subdivision issuing them, and against all taxpayers and citizens thereof; and the validity of said bonds or certificates shall never be called in question in any court in this State."

of purchasers before maturity for value and in good faith, in reliance on the legislative acts which expressly authorized them, the validating decrees, and the recitals in the bonds.

The county boards contend that chapters 13072 and 13296 under which the bonds were issued and all the proceedings taken about their issuance and the bonds themselves are invalid, because the act conflicts with, and is repugnant to, sections 8, 9, of article 12, Florida State Constitution. As authority for this position they cite and invoke Barrow v. Moffett, 95 Fla. 111, 116 So. 71, decided February 1, 1928, which in a validating proceeding as to bonds to be issued by the board of public instruction of Highlands county held this as to a precisely similar act, chapter 12844, Sp.Acts of 1927, and denied validation. They invoke, too, later cases decided by the Supreme Court of Florida, citing Barrow v. Moffett, and approving and upholding it, State v. Board of Public Instruction for Indian River County, 98 Fla. 1152, 125 So. 357; Board of Public Instruction for LaFayette County v. Union School Furnishing Company, 100 Fla. 326, 129 So. 824.

The bondholders, admitting that the decisions the boards cite do hold as they claim, deny that these decisions have the effect claimed for them of invalidating the bonds sued on. They urge that these decisions, decided after their bonds were issued and sold, do not, they cannot, affect their bonds. They insist that these cases have not been rightly decided, and that the federal courts will, exercising their independent judgment on the questions decided in them, decline to follow them. They insist that this is especially so here, since, as they contend, the decisions the boards invoke represent a departure from the law as it stood decided, when these bonds were issued. State ex rel. Bours v. L'Engle, 40 Fla. 392, 24 So. 539, and Warren v. Board of Public Instruction, 86 Fla. 254, 97 So. 384.

They rely too, on the validating suits. They insist that the adjudications in these decrees that they did, estop the boards from asserting against the bondholders that they did not, have authority to issue them. Greene v. Uniacke (C.C.A.) 46 F.(2d) 916; State v. Sarasota County, 118 Fla. 629, 159 So. 797; Little River Bank v. Johnson, 105 Fla. 212, 141 So. 141; Fidelity National Bank & Trust Co. v. Swope, 274 U.S. 123, 47 S.Ct. 511,

71 L.Ed. 959; Board of Public Inst. v. State ex rel. Tangier Inv. Co. (Fla.) 164 So. 697; City of Winter Park v. Dunblaine (Fla.) 164 So. 366; Sparks v. Ewing (Fla.) 163 So. 112.

The boards deny the proposition the bondholders advance that the Barrow Case and the other decisions the boards rely on represent departures from the law as it had been previously declared. They cite as in effect deciding the same proposition that the Barrow Case decided, that the Legislature was without power to authorize county boards of education to issue bonds to fund past indebtedness. State ex rel. Bours v. L'Engle, 40 Fla. 392, 24 So. 539; Brown v. City of Lakeland, 61 Fla. 508, 54 So. 716; McKinnon v. State, 70 Fla. 561, 70 So. 557, L.R.A.1916D, 90; Johnson v. Board of Public Instruction, 81 Fla. 503, 88 So. 308; Leonard v. Franklin, 84 Fla. 402, 93 So. 688.

Countering the contention as to the effect of the validation, they insist that under the established jurisprudence of Florida a validating proceeding disposes of questions of constitutional power only where those questions have been expressly decided. They insist that, since the decrees validating those issues were entered without a contest, and no one raised questions of constitutional power, none may be held to have been raised or decided in those proceedings, and the bondholders may not rely upon those decrees against the claim of unconstitutionality. Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 So. 253.

It will serve no useful purpose for us to attempt an analysis of the Florida decisions as they existed before the bonds were issued and as they exist now. It will suffice to say of them that in our opinion, when these bonds were issued, the Supreme Court of Florida had not discovered in the Constitution and judicially declared the implied limitation on the power of the Legislature announced in the Barrow Case. Such decisions as had been rendered, particularly those in the L'Engle and Warren Cases, in our opinion look the other way. In those circumstances as to the validity of bonds like these in the hands of innocent purchasers, purchased on the faith of a legislative act and a validating decree, this court is not bound by later decisions, but will determine for itself whether their authorization and issuance was such palpable

violation of constitutional provisions as to deprive them of validity and of power to be sold. Gelpcke v. Dubuque, 1 Wall. 175, 17 L.Ed. 520; Douglass v. County of Pike, 101 U.S. 677, 25 L.Ed. 968; Wade v. Travis County, 174 U.S. 499, 19 S.Ct. 715, 43 L.Ed. 1060; 19 R.C.L. 1034; Edward Hines Yellow Pine Trustees v. Martin, 268 U.S. 458, 45 S.Ct. 543, 69 L.Ed. 1050; Thomson v. Lee County, 3 Wall. 327, 18 L.Ed. 177; Concordia Ins. Co. v. School District, 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528.

■ Our examination of sections 8 and 9 of article 12 of the Florida Constitution which it is claimed contain implied limitations on the power of the Legislature to authorize county boards of education to refund their indebtedness does not disclose such limitations to us. In the Florida courts no doubt "implied provisions of organic and statutory law are as effective as expressed provisions, when such implied provisions are judicially declared to exist" in destroying the validity and suability of bonds issued in violation of them, even in the hands of innocent purchasers whose only relief is by suit for money had and received. Getzen v. Sumter County, 89 Fla. 45, 103 So. 104; State v. Hillsborough County, 113 Fla. 345, 151 So. 712. In State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 So. 739, 37 A.L.R. 1298, this Florida doctrine is developed and explained. There can be equally no doubt that such limitations now implied do not invalidate in the federal courts or affect the suability there of bonds purchased under legislative authority and in reliance upon validating decrees before these implications were discovered and declared by the Florida courts. Authorities supra.

■■ It is the generally accepted doctrine of constitutional law that the powers of state Legislatures are not conferred by, or to be found in, their constitutions; they are inherent. That Legislatures look to constitutions not as the source of, but for limitations upon, their powers. It is the generally accepted doctrine that exerted legislative powers may not be stricken down upon general ideas of propriety or justice, or of the force and effect of natural law, but only by pointing to a constitutional limitation upon the power. Lytle v. Halff, 75 Tex. 128, 132, 12 S.W. 610; Harris County v. Stewart, 91 Tex. 143, 41 S.W. 650; Brown v. City of Galveston, 97 Tex. 1, 75 S.W. 488. The Florida courts have announced the same doctrine in Cotten v. County Commissioners, 6 Fla. 610; Savage v. Board of Public Instruction, 101 Fla. 1362, 133 So. 341; State ex rel. Moodie v. Bryan, 50 Fla. 293, 39 So. 929; Harry E. Prettyman v. Florida Real Estate Comm., 92 Fla. 515, 109 So. 442; Jordan v. Duval County, 68 Fla. 48, 66 So. 298.

The acts in question here have made express provision that a tax levy to pay the bonds should be a part of the tax provided for by section 8, article 12, of the Constitution. It did not attempt to displace, it did not displace, the current needs, it did not attempt to, it did not, interfere with the support of the public free schools in the counties. It merely made provision for the issuance of bonds to fund indebtedness valid when incurred, and, according to general law and as declared in the Florida decisions, still valid though unpaid. State Bank of Bowling Green v. Board of Public Instruction, 116 Fla. 184, 156 So. 319; Board of Public Instruction v. First Nat. Bank of Gainsville, 111 Fla. 4, 143 So. 738, 149 So. 213; Board of Public Instruction v. Kennedy, 109 Fla. 153, 147 So. 250.

Whatever may be said as to the desirability of having such a limitation in article 12 on the powers of the Legislature as the Supreme Court has by implication read there, read it as we may, we cannot find any such limitation in it. It may well be that it would have been wise to have put it there. It may well be that the ability to fund indebtedness and thus put off payment, by issuing bonds, leads to a too easy attitude toward the discharge of old debts before incurring new ones. But be that as it may, we cannot find the limitation there.

■ We think it plain that upon the declarations which, since the cases went off on pleadings, determine their standing, the bonds sued on are valid charges against the county to be paid, however, from, and only from, the source the Legislature provided for their payment, the tax provided by section 8, article 12, of the Constitution.

In the Polk County case the judgment is general against the board. We think it should have been limited as to its satisfaction to the source the statute designates, the tax provided by section 8, article 12, of the Constitution. It is mod-

ified to so provide. As so modified, it is affirmed.

In the Martin County case the judgment of dismissal is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.