## MEREDITH et al. v. BOARD OF PUBLIC INSTRUCTION FOR HERNANDO COUNTY, FLA.

### No. 9461.

Circuit Court of Appeals, Fifth Circuit.

June 25, 1940.

---

. Robert J. Pleus, of Orlando, Fla., for appellants.

Morris E. White and E. Calvin Johnson, both of Tampa, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, *Circuit Judge.*

This is a suit to collect past-due interest coupons attached to bonds issued by the Board of Public Instruction of Hernando County, Florida, on June 1, 1925, under authority of a special act of the State Legislature, for the purpose of purchasing a building site and erecting and furnishing a high-school building. The question for decision on this appeal is whether or not Chapter 10655, Laws of Florida, Special Acts of 1925, which authorized the issue for such purpose, is violative of Sections 8, 9, and 17 of Article 12 of the Florida Constitution.

The material facts are presented by stipulation. The bonds were sold and the proceeds used as indicated. Since the entire county was divided into special-tax school districts, the school could not be located within the county without being within the boundaries of one of such districts; accordingly, it was built in district number one, but it was the only senior high school within the county, and it enrolled students residing anywhere within the county, and furnishéd transportation to them. The plant was owned by the County Board, was operated as a County high school, the bonds were payable out of funds belonging to the Board, and its full faith and credit were pledged to secure the payment thereof. The bonds were validated by a decision of the District Court of Hernando County on June 15, 1925, from which no appeal was taken. Appellants are innocent purchasers for value of the coupons in suit.

The trial court held Chapter 10655, supra, to be unconstitutional on the ground that the cited sections of the Florida Constitution do not permit the expenditure of county school funds for the purpose of buying land or erecting buildings, because, although not expressly forbidden, such use by necessary implication is excluded from legislative authority.

Section 8 of Article 12 of the Constitution requires each county annually to assess and collect, for the support of the public free schools therein, a tax of not less than three mills nor more than ten on all taxable property in it. Section 9 thereof provides for other sources of revenue to supplement the county school funds, and requires that such funds shall be disbursed by the Board of Public Instruction solely for the support and maintenance of its free public schools. Section 17 authorizes the Legislature to empower any special-tax school district to issue bonds for the exclusive use of its free public schools, when properly voted, unless the bonds, together with all existing indebtedness of the district, shall aggregate more than 20% of the assessed value of the taxable property therein.

■ Since these bonds were issued by the county board, for a county school, payable only from county funds, it is clear that Section 17, supra, can have no application to the issue here involved. Cf. Leonard v. Franklin, 84 Fla. 402, 93 So. 688. This is true despite the location of the school within the boundaries of the special school district, since the power of the county to own and operate public schools is unquestioned, and no land in the county lay outside such districts. Eliminating this section from further consideration, the issue narrows to the proposition of whether or not the purchase of land and the construction and furnishing of a school building, being capital expenditures, may be deemed for the support of free public schools, as provided by Section 8, or for the support and maintenance of them, as provided by Section 9.

■ When construing provisions of the Constitution of Florida, this court, in the absence of a federal question, is bound by the decisions of the supreme court of that state. When that court has not ruled upon the precise question involved; we apply the law as we understand it to be in that state.[1] In its decisions interpreting these constitutional provisions, the Florida court has drawn many fine distinctions in cases involving slightly different facts, with the result that the exact question here involved is not settled in that state. Evidencing the indecision now prevailing there, and the nicety of the question here presented, is the case of State ex rel. Vickery v. Mowat, Fla., 193 So. 751. This case is relied upon by appellee as being controlling authority here, since it is acknowledged by both sides that the issue is identical, and the opinion affirmed the decision of the lower court declaring the bonds invalid. That decision, however, was rendered by an equally divided court,

and does not establish a precedent on the disputed point of law or constitute authority binding upon this court in this case.[2]

■ A careful examination of other Florida decisions reveals that each may be distinguished, in one or more particulars, from the exact question here. We agree with appellants, however, that the case of Warren v. Board of Public Instruction, 86 Fla. 254, 97 So. 384, which was decided before these bonds were issued, and was regarded as the law of the state at that time, decides the broad issue here presented. In that case, the court held valid a bond-issue by a similar body for the purpose of building an addition to a then existing county high school building, and furnishing it.[3] These were capital expenditures, and the distinction between building an enlargement to an existing building and erecting a new one, at least in so far as the character of the disbursement is concerned, is negligible.

We are further impressed by the facts that the bonds were purchased by a public in reliance upon the act of the Legislature and the Warren case, were validated by court decree fifteen days after their issue, are now in the hands of innocent purchasers for value, and for fourteen years the validity of the issue was unchallenged. In such circumstances, the administration of justice requires more than a mere implied constitutional exclusion, established subsequent to the issue if at all, to despoil the legality of the bonds, and the unwavering policy of the federal and Florida courts has been to preserve the sanctity of the contract in the absence of clear law to the contrary.[4]

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

[1] DeLong v. Jefferson Standard Life Ins. Co., 5 Cir., 109 F.2d 585; Georgia Association, etc., v. Allen, Collector, 5 Cir., May 1940, 112 F.2d 52.

[2] State ex rel. Hampton v. McClung, 47 Fla. 224, 37 So. 51; Hertz, Collector, v. Woodman, 218 U.S. 205, 30 S.Ct. 621, 54 L.Ed. 1001; Williams v. New York, P. & N. R. Co., 4 Cir., 11 F.2d 363; 14 Am.Jur. 294.

[3] Cf. State ex rel. Bours v. L'Engle, 40 Fla. 392, 24 So. 539.

[4] Board of Public Instruction v. Gillespie et al., 5 Cir., 81 F.2d 586; Fidelity Life Ass'n v. Board of Public Instruction, 5 Cir., 81 F.2d 586; Concordia Ins. Co. v. School District, 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528; Jordan v. Duval County, 68 Fla. 48, 66 So. 298; Harry E. Prettyman, Inc., v. Florida Real Estate Comm., 92 Fla. 515, 109 So. 442.