Prior to September 4, 1935, probate judges were not required to be admitted to the practice of law, but on that date amended Section 10501-1, General Code (116 Ohio Laws, 481), became effective. It reads as follows:
"Quadrennially, in each county having a separate Probate Court, one probate judge shall be elected who shall have been admitted to practice as attorney and counsellor at law in this state, or who shall have previously served as probate judgeimmediately prior to his election. He shall hold his office for a term of four years, commencing on the ninth day of February next following his election." (Italics ours.)
It is the contention of the relator that the foregoing clause relating to those who have previously served as probate judge is unconstitutional as violating Section 26, Article II of the Ohio Constitution, requiring that "All laws, of a general nature, shall have a uniform operation throughout the state," and Section 1 of Article XIV, Amendments to the United States Constitution, providing that "No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."
The qualifications for the office of probate judge not having been prescribed by the Constitution, the General Assembly has power to fix and determine the essential qualifications for the office. Pursuant to that authority the Legislature prescribed two alternative tests of qualification: Training and experience by serving in the office as probate judge immediately prior to the election in question, or admission to the practice as an attorney and counsellor at law. The classification thus made is not unreasonable or arbitrary; the statute is uniform in its operation throughout the state, *Page 309 
and not violative of any provision of either state or federal Constitution.
The demurrers to the petition will be sustained and a writ of prohibition denied.
Writ denied.
WEYGANDT, C.J., DAY, ZIMMERMAN, WILLIAMS, MATTHIAS and HART, JJ., concur.