

# The Attorney General of Texas

January 24, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5236

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Wyatt, Jr.
Chairman, Committee on Ways and
  Means
Texas House of Representatives
Austin, Texas

Opinion No. H- 1120

Re:  Validity of article 7244b,
V.T.C.S., the Texas Assessors
Registration and Professional
Certification Act.

Dear Chairman Wyatt:

You have requested our opinion regarding the constitutionality of article 7244b, V.T.C.S., enacted by the 65th Legislature, and several related questions.

In enacting article 7244b, the Legislature intended that

> the assessing of property for taxation be practiced and regulated as a learned profession and that the practitioners in this State be accountable to the public.

The purpose of the statute is

> to assure the people of Texas that the responsibility of assessing property for taxation is entrusted only to those persons duly registered and competent according to the regulations provided by this Act.

V.T.C.S. art. 7244b, § 1, Acts 1977, 65th Leg., ch. 391, 1068.

In order to effect the intent of article 7244b, the statute creates a Board of Tax Assessor Examiners, which is empowered to promulgate rules and standards of professional conduct for assessors and to insure compliance therewith. Certain classes of individuals, including "persons elected or appointed to act as assessors for a county," are required to register with the Board, and the Board is directed to classify every registered individual as a (1) registration permit holder, (2) registered Texas assessor, (3) registered Texas assessor and candidate for certification, or (4) registered professional assessor. Secs. 11, 12. The Board is authorized to suspend or revoke the registration of any person who violates a provision of the statute or any rule or regulation of the Board.

Certain county tax assessor-collectors may qualify for classification as a registration permit holder, "which includes newly elected or newly appointed assessors without previous experience as assessors." Sec. 12(1). An applicant in this category may be issued a permit so long as he is a resident of the state, of good moral character, and supplies favorable recommendations from three persons, one of whom must be a registered assessor. Sec. 15. Most county tax assessor-collectors, however, will probably be classified initially as "registered Texas assessors." The qualifications for this category of registration are much more stringent, including those relating to age, education and work experience. Registrants must pass a written examination and, within five years of their original registration, demonstrate compliance with the requirements of section 17, which prescribes additional qualifications for a "candidate for certification." Sec. 16. Within five more years, such persons must qualify as "registered professional assessors" under section 18. Sec. 17(b).

Since the registration requirement is made applicable to county tax assessor-collectors, and since registrants are required to qualify under the various categories of the statute, it is clear that article 7244b imposes qualifications upon the office of county tax assessor-collector. You first ask whether the Legislature is empowered to do so.

Article 8, section 14 of the Texas Constitution establishes the elective office of Assessor and Collector of Taxes for each county. It requires the occupant of that office to "perform all the duties with respect to assessing property for the purpose of taxation and of collecting taxes, as may be prescribed by the Legislature," but it imposes upon him no qualifications necessary to hold the office. It is well established that,

> where the Constitution prescribes the qualifications for
> office it is beyond the legislative power to change or add to
> the qualifications, unless the Constitution gives that power.

Burroughs v. Lyles, 181 S.W.2d 570, 574 (Tex. 1944); Dickson v. Strickland, 265 S.W. 1012, 1015 (Tex. 1924); Ex parte Lefors, 347 S.W.2d 254, 255 (Tex. Crim. 1961). No Texas court has ever directly addressed, however, the question of whether the Legislature may impose qualifications upon a constitutional office where the Constitution itself has not done so.

The general rule in other jurisdictions is that, where the Constitution prescribes no qualifications, the Legislature is authorized to do so. See Annot., 34 A.L.R.2d 155, 174 (1954). This view has been upheld as to a wide variety of constitutional offices. See Opinion of the Justices, 285 So.2d 87, 90 (Ala. 1973); State ex rel. Askew v. Thomas, 293 So.2d 40, 43 (Fla. 1974); State ex rel. Lippincott v. Metzger, 29 N.E.2d 361 (Ohio 1940). See also State ex rel. Flynn v. Board of Elections of Cuyahoga County, 129 N.E.2d 623, 626 (Ohio 1955).

The most instructive case for our purposes is a 1934 decision from Florida, where the Court upheld the Legislature's authority to prescribe qualifications for the constitutional office of county surveyor. The Court fully subscribed to the Texas view that, where the Constitution creates an office and lists its eligibility requirements, the Legislature may not impose additional qualifications. But, the Court held, it does not necessarily follow that, where the Constitution is silent as to qualifications for a particular office, a statute fixing qualifications is unconstitutional. State ex rel. Landis v. Ward, 158 So. 273, 274 (Fla. 1934). The office of county surveyor is one of a "technical character," and it is reasonable to expect the holder of it to be competent. The statute, by establishing professional standards for surveyors, and making them applicable to persons holding the constitutional office of county surveyor, cannot be said to conflict with any constitutional provision. Id. at 275.

These decisions indicate that the Texas Supreme Court would probably uphold the validity of the qualifications imposed upon tax assessor-collectors by article 7244b. See Phagan v. State, 510 S.W.2d 655 (Tex. Civ. App. — Fort Worth 1974, writ ref'd n.r.e.).

Your next question is whether a county tax assessor-collector may be prosecuted for failure to register with the Board. Section 24 of article 7244b states that

> [a] person who is required under Section 11 of this Act to register with the board commits a Class A misdemeanor if he fails to register.

Since a county tax assessor-collector is one of those persons required to register under section 11, it seems clear that the occupant of that office may be prosecuted for failure to register with the Board.

You also ask whether the registration of a county tax assessor-collector may be revoked for a violation of Board rules. As noted previously, section 10 authorizes the Board to suspend or revoke the license of any registrant for violation of the statute or of any Board rule or regulation. The Board is required to conduct a hearing on any such violation with adequate notice to the registrant.

Your final question is whether revocation of his registration acts to remove a county tax assessor-collector from office. Article 7244b does not so provide, but the court in Phagan, supra, held that the disbarment of a district attorney served to effect his immediate removal from office and that, after the effective date of the judgment of disbarment, he became a usurper of the office, subject to ouster by quo warranto proceedings. 510 S.W.2d at 662. We are not at liberty to disregard this pronouncement, and must advise, therefore, on the basis of Phagan, that a revocation of the registration of a county tax assessor-collector acts to remove him from office. We note, however, that article 5970, V.T.C.S., provides that a

county tax assessor-collector is among those officers subject to removal "from office by the judge of the district court for incompetency, official misconduct or becoming intoxicated by drinking intoxicating liquor . . . ."

### SUMMARY

Article 7244b, V.T.C.S., will probably be upheld against the contention that it unconstitutionally imposes qualifications for the office of county tax assessor-collector. A county tax assessor-collector may be prosecuted under article 7244b for failure to register with the Board of Tax Assessor Examiners. The registration of a county tax assessor-collector may be revoked for violation of Board rules. Revocation of the registration of a county tax assessor-collector acts to remove him from office.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst