The Honorable Fred Roche Secretary Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32301
Dear Secretary Roche:
This is in response to your request for an opinion on the following question:
 EXCEPT AS EXPRESSLY EXEMPTED BY THE PROVISIONS OF s 472.003, F.S., ARE EMPLOYEES OF THE STATE WHO PERFORM SERVICES FOR THE STATE WHICH FALL WITHIN THE DEFINITION OF "LAND SURVEYING" CONTAINED IN s 472.005, F.S., REQUIRED TO BE LICENSED PURSUANT TO s 472.015, F.S.?
Chapter 472, F.S., regulates the practice of land surveying in the State of Florida, together with the administrative rules adopted pursuant to that chapter by the Board of Professional Land Surveyors, Ch. 21HH-1 through 21HH-8, F.A.C.
Section 472.001, F.S., sets forth as the legislative intent and purposes of Ch. 472, the following statement:
 The Legislature finds that improper land surveying of land, water, and space presents a significant threat to the public and therefore deems it necessary to regulate land surveyors as provided in ss. 472.001-472.039. (e.s.)
Section 472.031(1)(a), F.S., provides "No person shall: [p]ractice land surveying unless such person is registered pursuant to ss.472.001-472.039[.]" Subsection (2) makes it a misdemeanor of the first degree to violate any provision of that section.
Section 472.005(4)(a) and (b) set forth an extremely broad and open-ended definition of the term "practice of land surveying":
 (4)(a) "Practice of land surveying" means, among other things, any professional service or work, the adequate performance of which involves the application of special knowledge of the principles of mathematics, the related physical and applied sciences, and the relevant requirements of law for adequate evidence of the act of measuring, locating, establishing, or reestablishing lines, angles, elevations, natural and manmade features in the air, on the surface and immediate subsurface of the earth, within underground workings, and on the beds or surface of bodies of water, for the purpose of determining or establishing the facts of size, shape, topography, tidal datum planes, legal or geodetic location or relocation, and orientation of improved or unimproved real property and appurtenances thereto, including acreage and condominiums.
 (b) The practice of land surveying also includes, but is not limited to, photogrammetric control; the monumentation and remonumentation of property boundaries and subdivisions; the measurement of and preparation of plans showing existing improvements after construction; the layout of proposed improvements; the preparation of descriptions for use in legal instruments of conveyance of real property and property rights; the preparation of subdivision planning maps and record plats, as provided for in chapter 177; the determination of, but not the design of, grades and elevations of roads and land in connection with subdivisions or divisions of land; and the creation and perpetuation of alignments related to maps, record plats, field note records, reports, property descriptions, and plans and drawings that represent them. (e.s.)
One of the principal objectives of Ch. 472 is expressed in s472.027, which provides in pertinent part that the Board of Professional Land Surveyors shall adopt rules "which establish minimum technical standards to assure the achievement of no less than minimum degrees of accuracy, completeness, and quality in order to assure adequate and defensible real property boundary locations and other pertinent information provided by land surveyors. . . ." This provision, read in pari materia with the legislative intent in s 472.001, the language of s 472.031(1)(a) and (2) and the extremely broad and open-ended definition of land surveying contained in s 472.005(4)(a) and (b), indicates to me that the Legislature intended to regulate all persons who engage in the practice of land surveying as defined by s 472.005(4) without regard to whom the employer of that person might be.
I am aware of the general rule regarding the application of a statute to the state, found at 82 C.J.S. Statutes s 317, p. 554-555 where it is stated "[t]he government, whether federal or state, and its agencies are not ordinarily to be considered as within the purview of a statute, however general and comprehensive the language of act may be, unless intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication." However, this treatise goes on to note that "the rule with respect to the exclusion of the sovereign is less stringently applied where the operation of the law is on the agents or servants of the government rather than on the sovereign itself . . . ." page 556 (e.s.) Moreover, this treatise also says that the general rule has been relaxed in modern times, and has been declared not to apply to statutes made for the public good, or the prevention of injury. Cf., s 472.001, F.S. The Board, of course, has no statutory jurisdiction over agencies and departments of state government with respect to the administration and enforcement of Ch. 472, F.S. Thus, it is my view that the general rule stated above should not apply to a construction of Ch. 472 so as to exempt state employees from its licensing provisions, since (1) by the terms of s 472.031 the law applies to "persons" — the agents of the state or its employees — not to the state itself and (2) Ch. 472 is a statute enacted for the public welfare and to prevent injury, in light of s 472.001, and Rule 21HH-1.01, F.A.C., which notes the Board was established "to protect the health and safety of the people of the State of Florida through the regulation of the practice of land surveying." (e.s.) Compare, AGO 50-235, May 10, 1950, Biennial Report of the Attorney General, 1949-1950, p. 458, and s 471.003(1), F.S. Also compare, AGO 49-77, February 23, 1949, Biennial Report of the Attorney General, 1949-1950, p. 458. I also direct your attention to State v. Ward, 158 So. 273 (Fla. 1935) the rationale of which would appear to govern the instant question.
Additionally, the Legislature appears to have included state employees within Ch. 472's purview by necessary implication. Under the rule "expressio unius est exclusio alterius," exceptions made in a statute give rise to a strong inference that no other exceptions were intended, e.g., Thayer v. State, 335 So.2d 815
(Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Williams v. American Surety Company of New York, 99 So.2d 877, 880
(2 D.C.A. Fla., 1958). Section 472.003 contains only two exemptions from the provisions of Ch. 472, and neither of these exempt unlicensed state employees, although one exempts salaried employees of the United States government. Thus, it would appear that the Legislature has impliedly included state employees within the purview of Ch. 472.
I also note that it would appear equally important that state land surveying duties and responsibilities be accomplished with the same degree of technical competence and by persons with the same training as land surveying performed in the private sector.
While the courts might well hold that state employees are not within the regulatory provisions of Ch. 472, I am persuaded that the better view and the safer course is, in this instance, to advise you that state employees who practice land surveying, as defined in s 472.005(4)(a) and (b), are required to be licensed pursuant to s 472.015, F.S., pending legislative and judicial clarification of this matter. However, pending such clarification, I would strongly suggest that the Board refrain from reporting any state employee performing services for and under the direction of the employing state agency to the state attorney as provided by s 472.035, and that the Board seek a declaratory judgment from the circuit court in order to resolve this issue.
In summary, it is my opinion, until legislatively provided or judicially determined otherwise, that state employees who practice land surveying, as defined by s 472.005(4)(a) and (b) are required to be licensed pursuant to s 472.015, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General